IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21504 CIV-COOKE

TELMO HURTADO HURTADO,
        Petitioner,

v.

ERIC HOLDER,
United States Attorney General, et al.,
        Respondents
_____/

## MOTION TO STAY EXTRADITION AFTER DENIAL OF
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Telmo Hurtado Hurtado, moves to stay his extradition to enable the Eleventh

Circuit Court of Appeals to consider his appeal on the denial of the petition for habeas corpus relief,

and states:

1.      On May 13, 2009, United States Magistrate O'Sullivan issued an order indicating that

he was certifying Mr. Hurtado's extradition to Peru in case number 08-MC22414 -O'SULLIVAN.

2.      On June 3, 2009, Mr. Hurtado filed a Petition for Writ of Habeas Corpus with this

Court (D.E. 1), and a Motion to Stay Extradition. (D.E. 3).  After referral to Magistrate Judge Ted

E. Bandstra, a report and recommendation was issued recommending that Mr. Hurtado's Petition for

Writ of Habeas Corpus be denied.  (D.E. 12).  The Petitioner timely filed objections to the Report.

(D.E. 13).

3.      On February 25, 2010, this Court issued an order adopting the findings of Magistrate

Judge Bandstra and rescinding the temporary stay of extradition.  (D.E. 14).

1

4.     Mr. Hurtado plans to file an appeal to the denial of his petition for habeas corpus relief in the Eleventh Circuit Court of Appeals within 60 days of the date of the order as required by Rule of Appellate Procedure 4(a)(1)(B).  A stay of extradition is necessary in order for Mr. Hurtado to remain in this country, subject to the Court's jurisdiction, and for this matter to remain a "live controversy" while the Eleventh Circuit considers the points raised in Mr. Hurtado's habeas petition. This is the second request for stay based upon the foregoing reasons.[1]  Based upon the Rules of Appellate Procedure, a party must ordinarily move first in the district court for a stay of the order of a district court pending appeal. Rule 8(a)(1)(A).

## MEMORANDUM OF LAW

The test for determining whether a stay should be granted is set forth in *Noriega v. Pastrana*, 2008 WL 331394 (S.D.Fla.).  The factors the court should consider are: 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and 4) where the public interest lies. Id. at 2. (*quoting Hilton v. Braunskill*, 481 U.S. 770, 776 (1987))**.**

The central issue for habeas relief, in this case, is the denial of the Motion to Dismiss Complaint and/or Quash Warrant Requesting Extradition based upon a violation of *non bis in idem* and Article 14(7) of the International Covenant of Civil and Political Rights (ICCPR). (D.E. 29). The government's position is that Hurtado has no probability of success in further judicial proceedings.  Since this is a case of first impression, it is difficult to show a likelihood of success

---

[1]This is the first request for stay after the denial of the habeas corpus petition.

on the merits.  However, the defense has shown the court a "substantial case on the merits."  The facts in the instant case create an interesting legal issue since there has never been a case in the United States where an individual is being sought for extradition by a sovereign for the same charges which he was previously tried and acquitted. Similarly, in *Noriega*, the Court found that while Noriega had not made a strong showing that he was likely to prevail on the merits, he had showed the court that he had a "substantial case on the merits" especially "because of the unique legal issues raised in this case... It appears that these are legal issues on which no other federal court has ruled, directly or indirectly.  Thus, this is a case of first impression and even though this Court, as well as Judge Hoeveler, rejected Noriega's position, Noriega asserts credible arguments pertaining to these unique issues, particularly with regard to the interpretation of certain provisions of the Geneva Convention." Id. at 3.  Although it was this Court's opinion that the motion for habeas corpus should be denied, there is no question that it is a case of first impression and creates unique issues regarding the interpretation of *non bis in idem* clause and the ICCPR similar to the *Noriega* case.

The Eleventh Circuit has held that a motion to stay may be "granted upon a lesser showing of a 'substantial case on the merits' when 'the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay.'"  *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (*quoting Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 1981) (*per curiam*), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983).  First, there is no doubt that Mr. Hurtado will suffer irreparable harm if the stay pending appeal is denied.  The United States will extradite Mr. Hurtado back to Peru to face the pending charges.  Thus, even if he wins his appeal, it will be moot and have no effect.

Secondly, the granting of the stay will not harm either the United States or Peru.  Mr. Hurtado has been fighting these charges in one way or another since 1985 and has served time in Peruvian custody for these charges.  Hurtado is being requested due to the changes in the Peruvian law during the years following the activities that took place in 1985.  The Court in *Noriega* stated, "a short delay during the appeal will not, in any meaningful way, harm or otherwise adversely affect France's prosecution of Noriega or the diplomatic relationship between the United States and France.  As Noriega correctly observes, he 'is not going anywhere.'" *Noriega v. Pastrana*, 2008 WL 331394 at 3.  Hurtado is currently in custody with no bond.  A short delay to litigate these important issues will not negatively affect the relations between the United States and Peru.

Finally, it is in the public interest to allow Hurtado the opportunity to litigate his claim that his extradition violates *non bis in idem* and the ICCPR.  Since this is a case of first impression, it is "in the public's interest to establish the appropriate legal principles to be applied in the future if a similar case arises." Id.  Despite this Court's and the government's position that the complaint in support of extradition did not violate the principle of *non bis in idem* and the ICCPR, the Petition for Habeas Corpus was filed in good faith based upon sound legal principles and not for purposes of delay.

Based upon the unique legal issues; the irreparable harm that would be caused to Mr. Hurtado; the fact that a delay will not harm either the United States or Peru; and the public interest, Mr. Hurtado respectfully requests that this Court grant his Motion to Stay Extradition pending the outcome of the appeal in the Eleventh Circuit.

WHEREFORE, Petitioner Mr. Hurtado respectfully requests that the Court stay his extradition in order to allow him to appeal the denial of his petition for habeas corpus.

Respectfully submitted,
KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:    s/Sabrina Puglisi
Sabrina D. Puglisi
Assistant Federal Public Defender
Florida Bar No. 0324360
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
(305) 530-7000, Ext. 175
(305) 536-4559, Fax
E-mail: sabrina_puglisi@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **March 4, 2010**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    s/Sabrina Puglisi
Sabrina D. Puglisi

5

**SERVICE LIST**
**TELMO HURTADO-HURTADO vs. UNITED STATES ATTORNEY GENERAL,  et al.**
**CASE NO.   09-21504 Civ-Cooke/Bandstra**

**United States District Court, Southern District of Florida**

| | |
|---|---|
| Sabrina D. Puglisi | William C. White |
| sabrina_puglisi@fd.org | william.white@usdoj.gov |
| Federal Public Defender | U.S. Attorney's Office |
| 150 W. Flagler St., Suite 1700 | 99 N.E. 4th Street |
| Miami, FL 33130-1556 | Miami, FL 33132 |
| Telephone:(305) 530-7000 | Telephone:(305) 961-9100 |
| Facsimile: (305) 536-4559 | Facsimile: (305) 530-7976 |
| Attorney for Telmo R. Hurtado-Hurtado | Attorney for the Government |
| Service Via CM/ECF | Service Via CM/ECF |

*s/Sabrina D. Puglisi*
Sabrina D. Puglisi